IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00437–RM–KMT

STEELSTRIKE LEATHER PRODUCTS INC., a Colorado corporation,

    Plaintiff,

v.

UNITED LEATHER USA, LLC, a Texas limited liability company, doing business as UNITED LEATHER USA, INC.,
JUAN LEON, an individual,
LENORE AYESSE, and
TERRY AYESSE, doing business as DESERT DIGS FINE FURNISHINGS,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff SteelStrike Leather Products, Inc.'s Opposed Motion for Leave to File First Amended Complaint" (Doc. No. 41 [Mot.], filed July 30, 2013). Defendants Lenore and Terry Ayesse filed their response on August 20, 2013 (Doc. No. 45 [Resp.]), and Plaintiff filed its reply on September 6, 2013 (Doc. No. 47 [Reply]).

Plaintiff seeks to amend to Robert John, Inc., and Desert Digs Furniture, Inc., as defendants. (*See* Mot. at 1.) Plaintiffs assert that Robert John, Inc., and Desert Digs Furniture, Inc., are companies through which the Ayesse Defendants conducted business. (*Id.* at 2.)

Pursuant to Federal Rule of Civil Procedure 15(a), "The [C]ourt should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No.*

5, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

In the Scheduling Conference held on May 31, 2013, this court set the deadline to amend the pleadings at July 29, 2013. (Doc. No. 32.) Thus, Plaintiff's motion is timely.[1] The Ayesse Defendants do not object to an amendment to add Robert John, Inc., but do object to adding Desert Digs Furniture, Inc., as a party defendant. (Resp. at 1.) The Ayesse Defendants do not argue that Plaintiff's proposed amendments should be denied on the bases of bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or prejudice.

---

[1] Plaintiff originally filed an amended complaint that was stricken, as it was filed in violation of the Court's ECF Civil Procedure 5.6B. and D.C.COLO.LCivR 5.6A. Plaintiff filed their renewed motion to amend on July 30, 2013.

(*See* Resp.)  Rather, the Ayesse Defendants argue the proposed amendments should be denied for futility of the amendments.  (*Id.*)

First, the Ayesse Defendants argue they are not the proper parties to be sued.  (*Id.*) However, the Ayesse Defendants fail to provide any case law or substantive argument to that effect.  Moreover, the amendments sought by plaintiff are not amendments to the claims against the Ayesse Defendants.  Finally, the court notes that the Ayesse Defendants filed a motion for summary judgment after they filed their response to the motion to amend (Doc. No. 46); however the motion for summary judgment is not briefed and remains pending before District Judge Raymond P. Moore.

Second, the Ayesse Defendants argue there are no allegations in the proposed amended complaint that would give rise to liability on the part of Desert Digs Furniture, Inc., as the company was not formed until March 2013, well after the events in both complaints occurred (*Id.* at 2.)  Plaintiff counters that they allege the Ayesse Defendants and Desert Digs, Inc. are believed to be currently advertising and offering for sale the accused imitation Cattle Baron desk chairs.  (Complaint [Doc. No. 1], p. 13, ¶ 39; First Amended Complaint [Doc. No. 41-1], p. 2-3, 16, ¶¶ 5-7, 10, 42.)  Thus, the plaintiff argues the events are still occurring and did not stop before March 2013.  Upon a review of the proposed amended complaint, the court agrees the plaintiff has stated sufficient factual allegations against Desert Digs, Inc., to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

Though not addressed by either Plaintiff or the Ayesse Defendants, the court finds that the proposed claims asserted against Robert John, Inc., and Desert Digs, Inc., arise out of the

same transaction or occurrence and present some common question of law or fact, and thus joinder of these parties is proper under Fed. R. Civ. P. 20.

**WHEREFORE**, for the foregoing reasons, the court

**ORDERS** that "Plaintiff SteelStrike Leather Products, Inc.'s Opposed Motion for Leave to File First Amended Complaint" (Doc. No. 41) is **GRANTED**. The Clerk is directed to file Plaintiff's "First Amended Complaint with Jury Demand" (Doc. No. 41-1).

Dated this 1st day of October, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge